LEWIS J. TOWNSHEND, Appellant from Judge of Probate allowing WILL OF GEORGE H. TOWNSHEND.

Cumberland.   Opinion August 13, 1892.

*Probate.   Appeal.   Notice.   R. S., c. 63, § 25.*

In probate appeals, service of the reasons thereof upon the attorney of the adverse party, appearing in the probate court, does not work a compliance with the provisions of the statute that require the same to be made upon the party himself.

ON EXCEPTIONS.

This was an appeal from a decree of the probate court for the county of Cumberland, approving the last will and testament of George H. Townshend.

After the appeal was entered in this court, E. W. Freeman, Esq., attorney for Oliver Otis Howard, appeared specially for the purpose of objecting to the sufficiency of the service of the reasons of appeal on his client, and moved that the appeal be dismissed, because the appellant did not serve the reasons of appeal on the parties who appeared in the probate court and especially did not serve said reasons of appeal on the said Oliver Otis Howard, as provided by law.

It appeared that said Howard appeared in the probate court by attorney only, and that the reasons of appeal were served on said attorney only, the said Howard himself being out of the State, and so far away that a seasonable and personal service upon him could not be had.

The presiding justice being of opinion that the service was insufficient, and that the excuse offered was insufficient to supply the want of a legal service, sustained the motion and ordered the appeal dismissed and the case remanded to the probate court.

The statute regulating the appeal in this case is as follows: "Fourteen days at least before the sitting of the appellate court he [the appellant] shall serve all the other parties, who appeared before the judge of probate, in the case, with a copy of such reasons attested by the register." R. S., c. 63, § 25.*

The appellant took exception to the ruling.

*George Walker*, for appellant.

If statute receive a strictly literal construction, the right of appeal is practically denied to appellant. He cannot serve his appeal on appellee because he was not a party "who appeared before the judge of probate in the case." He cannot serve it on appellee's attorney because the attorney is not the party. Statute should be construed so as to make it effective for its designed purpose. It cannot stand literally, since an appellee could prevent the appellant from prosecuting appeals by appearing in probate by attorney only. A literal construction of the statute would require appellants to make personal service themselves of reasons of appeal and not by an officer as is customary and usual. The statute designates no officer to make such service. The mode of service is undefined. No provision made for service when the appellee is out of the State. Reasonable service sufficient, such as shall give appellee notice that appellant intends to prosecute his appeal and inform him of his reasons of appeal. Notice and knowledge of appeal are constructively served on a "party" when duly served on his attorney of record. *Newbit* v. *Appleton*, 63 Maine, 491; *Adams* v. *Robinson*, 1 Pick. 461. Here the appellee has by his own voluntary act, residence beyond the State, made it impossible for appellant to serve on him his reasons of appeal. To save forfeitures, a liberal construction

---

* This statute as amended by c. 243, Public Laws of March 21, 1893, now reads: "When a non-resident party appears by an attorney residing in this State before the judge of probate in any case, and an appeal is taken, the service of a copy of the reasons of appeal upon such attorney shall be sufficient."

should be given a statute if remedial. *Perley* v. *Jewell*, 26 Maine, 101.

*E. W. Freeman* for appellee.

Right of appeal purely statutory. Statute being in derogation of common law must be strictly construed. End. Stat. § 127 ; *Dwelly* v. *Dwelly*, 46 Maine, 377. So, where it is directory and prescribes forms of procedure (Sedg. Stat. pp. 319, 320), especially statutes of frauds, wills, and limitations. Every requirement must be followed to give jurisdiction. No other method of service prescribed except on appellee in person.

The requirements as to proper parties to give and receive service, time and forms of service, forms of reasons, and even record of service, must be accurately followed in order to give jurisdiction to the appellate court. The right to appeal is lost by a failure to comply with the requirements. Sedg. Stat. p. 348 ; (1883) *Knight* v. *Werskoff*, 20 Fla. 140 ; (1883,) *Okam* v. *Daly*, 63 Cal. 317 ; (1882,) *Reed* v. *Allison*, 61 Cal. 461 ; *State* v. *Conkling*, (Ia.), 44 N. W. 247 ; (1890,) *Pender* v. *Lancaster*, (S. C.), 11 S. E. 634 ; (1890,) *Coffin* v. *Edgington*, *(Id.)*, 23 Pac. 80 ; (1874,) *Hewitt* v. *Wetherby*, 57 Mo. 279 ; (1887,) *Fuller* v. *McClure*, 25 Mo. App. 418 ; (1858,) *Peacock* v. *The Queen*, 4 C. B. N. S. 267 ; *Rowberry* v. *Morgan*, 9 Exch. 730 ; *Q.* v. *The Justices of Middlesex*, 7 Jur. 396 ; S. C. 17 L. J. M. C. 111 ; (1887,) *Hyde* v. *Goldsby*, 25 Mo. App. 29 ; (1883,) *Madison County Bank* v. *Suman*, 79 Mo. 530 ; (1875,) *Wait* v. *Demeritt*, 119 Mass. 158.

Where the statute is directory, the forms to be followed and the acts to be done become conditions precedent to jurisdiction, and non-compliance is fatal. End. Stat. § 443 ; *Knight* v. *Norton*, (1839,) 15 Maine, 339.

Hardship to a defaulting appellant, is removed by R. S., 1883, c. 63, § 25, which provides : "If any person from accident, mistake, defect of notice, or otherwise without fault on his part, omits to claim or prosecute his appeal as aforesaid, the supreme court, if justice requires a revision, may, upon reasonable terms, allow an appeal to be entered and prosecuted with the same effect, as if it had been seasonably done."

The legislature, when placing these sections together, provided for two classes of cases. Section twenty-five is in the nature of an equitable provision for certain cases which cannot be legally comprehended in the preceding section. The latter section seems to include in its enumeration the characteristics of the principal case; the former section plainly does not; and the strict construction that is called for will not admit this appeal under section twenty-four.

The theory of strict construction is favored in this State because where other than actual personal service is allowed, it is so specified by statute. The following are instances of express provisions for service on an attorney : Writ of review, R. S., c. 89, § 8; citation to poor debtor's disclosure, c. 113, § § 21 and 27; notice to take depositions, c. 107, § 6; writs against non-residents, c. 81, § 21; demand and service on executors out of the State, c. 64, § 41; notice on appeal from insolvency commissioners, c. 66, § 12. Notice to ward of proposed sale of real estate may be served upon his heirs, c. 71, § 25.

Counsel also cited : *U. S.* v. *Monson*, 1 Gall. 14 ; 3 Bl. Com. 455 ; *State* v. *Meeker*, 19 Neb. 444; Stats. Gloucester, 6 Edw. I, c. VI, 2 Coke Inst. 308; Wilb. Stat. p. 107; 1 Kent Com. 464; *Esterley's Appeal*, 54 Pa. St. 195; *Guar. &c. Co.* v. *Burlington*, 23 Fla. 514; *Clark* v. *Snyder*, 20 Hun, 330; *Jordan* v. *Bowman*, 28 Mo. App. 608 (1890) ; *St. Louis* v. *Grubel*, 32 Mo. 295; *Morgan* v. *Edwards*, 5 H. & N. 418.

HASKELL, J. The learned brief of the appellee's counsel makes it clear that service of the reasons of appeal upon the attorney of a party, in the probate court, cannot work a compliance with the provisions of the statute, R. S., c. 63, § 24, that require the same to be made upon the party.

More mischief is likely to come from allowing service in such cases to be made upon the attorney, in a court where appearances are often not entered of record, than convenience; especially, as R. S., c. 63, § 25, provides ample remedy, when service upon the party cannot be made in season to comply with the statute, or fails from mistake without fault.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.

*Dissenting Opinion by*

EMERY, J. Mr. Justice VIRGIN, Mr. Justice WHITEHOUSE, and myself are unable to concur in the opinion of the majority of the court, and we think the importance of the right of appeal justifies us in expressing our dissent.

An appeal in a probate cause is not the beginning of proceedings by which the court is to acquire jurisdiction over the parties. It is the continuation of proceedings already begun, the parties being already in court either voluntarily or by proper citation. The service of a copy of the reasons of appeal is not the service of an original citation, but is simply an intermediate step in procedure, such as frequently occurs in procedure at law or in equity. In these other cases the notice of the step to be taken is given to the attorney or merely entered upon the docket. It seems a narrow, technical construction of the statute to hold that the legislature intended that probate appeals should be so much more difficult than law or equity appeals.

It will be often exceedingly difficult, and sometimes impossible to find the person himself who has not personally appeared in court, but only by attorney, especially where, as in this case, he was a resident of a distant western state. Such person may be continually changing his abode, or may have left the country and gone to parts unknown. Pursuit of him may be costly and sometimes ineffectual. It is evident that in some cases service upon the person himself, who has never appeared personally in court, or come within its jurisdiction, would be practically impossible. We cannot think, therefore, that the legislature intended to require it.

Section 25 of chap. 63, R. S., does not meet the emergency above suggested. Under section 24, the appellant appeals as of right as in other procedures. Under section 25 he can only prosecute his appeal by the consent of the court. That consent may be mistakenly denied by a single justice without remedy by exceptions or otherwise. We do not think the legislature intended that an appellant who could not find the person of a party, who never appeared in person, should lose his right of appeal and become a mere suppliant.

But recurring to the language of the statute and reading it by itself apart from the general law of appeals, it does not require such inequitable conclusions.    The copy of the reasons of appeal is to be served only on those "parties who appeared before the judge of probate in the case."    Strictly, this appellee did not appear before the judge.    He was not within the State.    The attorney was the only party in the presence of the judge.    The attorney was the party that appeared.    A service, therefore, upon the appearing attorney of a non-resident and non-appearing person is a service upon the appearing party.    The language of the statute does not require an appellant in probate proceedings to pass by the present, visible, appearing party, because he is an attorney, and search perhaps in vain for the non-resident client, distant, difficult to find, and it may be undiscoverable or even mythical.

VIRGIN and WHITEHOUSE, JJ., concurred.